CASE 27—PETITION EQUITY—MARCH 20.

## McNees v. McNees.

APPEAL FROM HARRISON CHANCERY COURT.

JURISDICTION.—The court which has rendered judgment granting a divorce and providing for the care and custody of the infant children of the marriage, alone has jurisdiction to grant further relief as to the maintenance of the children.

W. S. CASON FOR APPELLANT.

This action is purely a transitory one, and the Harrison Chancery Court had jurisdiction. The matters involved in this action were never litigated in the Kenton Chancery Court. (Carroll's Code, sec. 78; Gen. Stats., chap. 52, art. 3, sec. 7; Pretzinger v. Pretzinger, 4 Am. St. Rep., 542; Shrader, &c., v. Shrader, &c., 11 Ky. Law Rep., 441.)

McNees v. McNees.

SWINFORD & EVANS for appellee.

1. If a recovery can be had at all, it must be had in the Kenton Chancery Court. The Harrison Chancery Court did not have jurisdiction. (Gen. Stats., chap. 52, art. 3, sec. 7; Buckminister v. Buckminister, 38 Vt., 248; s. c. 88 Am. Dec., 652-657.)
2. The judgment in the Kenton Chancery Court is a bar to this action. (Smith, &c., v. Brannin, &c., 79 Ky., 114; Davis v. McCorkle, 14 Bush, 746.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

In 1882 the appellant, by judgment of the Kenton Chancery Court, obtained a divorce from the appellee and was also adjudged the care, custody and control of their minor son, Wilmot McNees. In 1891 the appellant instituted this suit in the Harrison Circuit Court seeking to obtain judgment against the appellee for fifteen hundred dollars for care, expenses, etc., in raising and caring for said son.

The defendant demurred to the jurisdiction of the court but the same was overruled, as was also a general demurrer, and the cause was prepared for trial, and upon the hearing the court dismissed the petition of plaintiff and she has appealed to this court.

It is not necessary to decide any of the questions of law or fact made in this case except the demurrer to the jurisdiction of the Harrison Circuit Court. Section 7 of article 3, chapter 52 of the General Statutes provides in substance that pending an application for divorce or on final hearing the court may make orders for the care and maintenance of the minor children, and at any time afterwards, upon the petition of either parent, revise and alter the same. It seems to us the Kenton Chancery Court was the court to apply to for relief if appellant was entitled to any further judgment or order in regard to the maintenance of the child. Many good reasons might be assigned in support of the wisdom

and propriety of the law vesting the control of such matters in the court rendering the judgment of divorce, but it is not necessary to .do so now. It follows from the foregoing that the demurrer to the jurisdiction of the Harrison Circuit Court should have been sustained and that the petition ought to have been dismissed.

The judgment is therefore affirmed.