## Gothard v. Lewis.

(Decided June 20, 1930.)

R. L. POPE and F. L. HUFF for appellant.

J. G. FORESTER and G. A. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by Luther Gothard against Sid B. Lewis to recover for the maintenance and schooling of the latter's child, a demurrer was sustained to the petition as amended and the petition was dismissed. Plaintiff appeals.

Briefly stated, the facts alleged in the petition are these: Plaintiff's wife, Virgie Gothard, was formerly the wife of the defendant, Lewis. As a result of their marriage there was born unto her and Lewis a child named Callie Lewis, now 14 years of age. After the birth of the child, Virgie Gothard was divorced from Lewis and was awarded the custody of the child. Plaintiff married Virgie Lewis after she was divorced from defendant and after the birth of Callie Lewis. From that time on he and his wife, Virgie Gothard, kept, clothed, and schooled Callie Lewis at their own expense until about the first of the year 1922, at which time the defendant entered into a written contract with the plaintiff and his wife, which contract is now in the possession of said Lewis, and whereby he promised and agreed that if plaintiff and his wife would surrender the custody and control of Callie Lewis, he would take charge of her and would feed, clothe, and educate her, in consideration of which plaintiff and his wife did turn the custody of the infant over to the defendant, who kept her for three months and then sent her back to the home of plaintiff. Since that time and thereafter he failed and refused and neglected to keep

and maintain the child. Since that time plaintiff has had custody of the child and has kept, fed, and clothed her ever since. The reasonable cost of said feeding, clothing, and keeping and schooling was $3,000, no part of which the defendant had paid. Defendant filed a special demurrer for defect of parties plaintiff, and without waiving the same filed a general demurrer. Thereupon plaintiff filed an amended petition stating that the contract between the defendant and plaintiff Gothard and wife was in writing and executed before a notary public in Harlan county on about January 1, 1922, and more fully setting out the terms of the contract. The court did not rule on the special demurrer, but sustained the general demurrer and gave plaintiff time to amend. Afterward the demurrer was sustained to the petition as amended on the ground that the record of the original case of Virgie Lewis, Plaintiff v. Sid B. Lewis, Defendant, filed in the Harlan circuit court September 11, 1915, was not filed with the petition.

In support of the ruling below it is contended that the allegation that Virgie Lewis was divorced from the defendant, Sid B. Lewis, was a mere conclusion of law, and that being true it was necessary to file the record in the divorce suit so that the court could determine for itself whether or not there was a legal divorce. The line of demarcation between an allegation of fact and a conclusion of law is not always well defined, and the rule that facts and not conclusions of law should be pleaded should not be applied with too great strictness. We therefore conclude that an allegation that the wife was divorced from her husband is an allegation of fact which, if not denied, need not be supported by the record in the divorce proceedings. It follows that the petition was not demurrable on the ground that the record in the divorce proceedings was not filed with the petition.

Another contention is that the contract of the father to provide for the child was invalid, and the basis of this contention is that the custody of the child having been awarded to the mother in the divorce action, the parents were not at liberty to disregard the decree and contract for a change of custody. It is not illegal for parents to contract with each other respecting the custody and maintenance of the child, and the contract will be enforced

120

between the contracting parties so long as it is to the interest of the child. Ordinarily, the chancellor awards a girl of tender years to the keeping of the mother. Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119. In view of this rule there is no presumption that the father is not a suitable person for the task, and we are not disposed to hold a contract invalid unless it is made to appear that the father is not a proper person to have charge of the child. Her mother could have had the divorce case redocketed and have asked for the future maintenance of the child by the father. Section 2123, Kentucky Statutes. McNees v. McNees, 97 Ky. 152, 30 S. W. 207, 17 Ky. Law Rep. 25; Hays v. Hays, 219 Ky. 284, 292 S. W. 773. The father agreed with the mother and her second husband that if the custody of the child was surrendered to him he would support and educate the child. Thus he undertook by contract to do that which it was his legal duty to do, and which he could have been required to do, even though the custody of the child had not been surrendered to him, had the mother proceeded in the divorce action. In the circumstances the agreement operated as a substitute for legal action. Not only was the surrender of the child a sufficient consideration for the agreement, but the promise to perform a duty imposed by law was an additional consideration. In the absence of the facts, we are not disposed to hold that the contract contravenes a sound public policy. On the contrary, the facts pleaded show a valid obligation. Plaintiff and his wife performed their part of the contract by surrendering the child to the defendant. He breached the contract by returning the child to the mother and refusing to maintain and educate the child, thus placing the burden on plaintiff, who, as the husband of defendant's wife and stepfather of the child, was compelled to do not only that which defendant had agreed to do, but also that which it was his legal duty to do. We are therefore constrained to the view that the petition as amended states a cause of action, and that the demurrer thereto was improperly sustained.

On the return of the case appellant will make his wife, if living, a party.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.