Alberta WILCOX (now Alberta Sullivan), Movant,

v.

Garland WILCOX, Respondent.

Court of Appeals of Kentucky.

March 25, 1966.

Rehearing Denied Oct. 7, 1966.

Hatcher & Lewis, Elizabethtown, for appellant.

James N. Scudder, John L. Arnett, Faurest & Collier, Elizabethtown, for appellee.

HILL, Judge.

The facts in the case at bar are not in dispute. On November 14, 1951, a divorce action was instituted between Alberta Wilcox (now Alberta Sullivan) and Garland Wilcox, and judgment was entered on November 24, 1951. The custody and control of their infant child, Brenda Sue Wilcox, was awarded to the wife, and the husband, Garland Wilcox, was ordered and directed by the court to pay child-maintenance payments until the child reached the age of *majority* or became self-supporting. This order was made pursuant to a contract of the parties settling their rights and obligations and was approved and made a part of the judgment.

At the time this action was instituted, the child had reached the age of eighteen and was a full-time college student and was not self-supporting.

In 1951 when the agreement was made between the parties and approved by the court, the age of majority was twenty-one. However, the age of majority was changed by the legislature effective January 1, 1965, and reduced to eighteen. The applicable statute, KRS 2.015, provides:

"Persons of the age of eighteen years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of handicapped children, for which twenty-one years is the age of majority."

The husband moved the court that he be relieved of further payments after the child had reached the age of eighteen. The court found that the support payments per previous order of the Hardin Circuit Court were $40 a month and that the amount in controversy was $1440 (36 months). The court further found as a matter of law that the age of majority was reduced from twenty-one to eighteen years by the legislature and that there was no obligation of support on the husband after the child's eighteenth birthday unless the child was still in high school in which event it was the court's policy to continue maintenance payments through high school graduation.

We cannot agree with the finding of the court that there was no obligation of support on the husband after the child's eighteenth birthday. At the time the parties entered into the contract, the age of majority was twenty-one and not eighteen. In construing a contract, the intention of the parties governs. Parrish v. Newbury, Ky., 279 S.W.2d 229 (1955). Furthermore, in construing a contract, we must seek out the intention of the parties and ascertain how they meant the agreement to operate at the time they entered into it. Jones v. Linkes, Ky., 267 S.W.2d 936 (1954). In Whitaker v. Louisville Transit Co., Ky., 274 S.W.2d 391, 394 (1954), this Court stated: "It is a familiar principle of constitutional law that constitutional and statutory provisions in effect at the time a contract is made become a part of the contract." Therefore, since the age of majority was twenty-one when the parties entered into the contract, the father is not relieved of his obligation of support to the child until she reaches her twenty-first birthday or becomes self-supporting.

The judgment is reversed for proceedings consistent with this opinion.