**John Astor COLLINS, Appellant,**

v.

**Nell T. COLLINS, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

George D. Dorroh, Lexington, for appellant.

William H. McCann, Brown, Sledd & McCann, Lexington, for appellee.

MONTGOMERY, Judge.

Is the appellant liable for the support of his minor child until that child reaches her twenty-first birthday, where the appellant entered into a contract, at a time when the age of majority was twenty-one years, providing that he would support his child until she attained the age of majority, and further where the intent of the appellant and appellee at the time they entered into said contract was that appellant would support said child and make the payments to the appellee until said child's twenty-first birthday? The answer is "Yes."

John Astor Collins and Nell T. Collins were divorced on January 5, 1962. Prior to the entry of judgment the parties agreed in writing, among other things, as follows:

"As maintenance for the support of said infant children, the husband shall pay to the wife the sum of One Hundred Twelve and 50/100 ($112.50) dollars per month, for each child until said child shall attain the age of majority, subject to the further orders of this court."

This provision was incorporated in the judgment.

The father appeals from an order directing that he continue to make payment of $112.50 per month for Sharon Ann Collins, his daughter, until she becomes twenty-one years of age. He made the payments to his son until the son reached twenty-one years of age. The delinquent payments exceed $4,000.

The father contends that the enactment of KRS 2.015, effective January 1, 1965, relieved him of further payments after Sharon Ann became eighteen years of age, the new statutory age of majority.

A similar contention was answered adversely in Wilcox v. Wilcox, Ky., 406 S. W.2d 152, on similar facts.

The key fact in that case and in this case is that the parties contracted for the payment of child support until the child reached the age of majority at a time when the age of majority was twenty-one years of age. Such was the age contemplated by the contractors in each instance, and the ·subsequent enactment of the statute did not serve to change the terms of the contract, as was more fully discussed in the Wilcox case. Correspondence leading to the execution of the agreement here shows that appellant understood that he was to continue payments until the child reached the age of twenty-one years. The enactment of the statute made no change in this contract.

Young v. Young, Ky., 413 S.W.2d 887, involved the same statute as it applied to child support payments where there was no such provision in a contract or judgment. It is distinguishable on this basis.

Judgment affirmed.

All concur.