Verna L. BLACKARD, Appellant,

v.

Matt T. BLACKARD, Appellee.

Court of Appeals of Kentucky.

March 29, 1968.

H. K. Northcutt, Carrollton, for appellant.

Thomas E. O'Shaughnessy, Versailles, for appellee.

CULLEN, Commissioner.

Pursuant to the provisions of a 1959 divorce judgment which incorporated the terms of a separation agreement, Matt T. Blackard was paying $125 per month for the support of an adopted son whose custody had been awarded to the divorced wife. On March 15, 1967, the son reached age 18, and shortly thereafter Matt moved for an order terminating as of the aforesaid date his obligation for support. Such an order was entered and the former wife has appealed from it.

The issue in this case arises out of the fact that in 1964 the Kentucky legislature reduced the age of majority from 21 to 18. See KRS 2.015. The question is whether the age limit at the time the separation agreement was made and the divorce judgment was entered controls the father's obligation to support, or whether the legislative change in the limit can operate to shorten the period of the obligation.

The same basic question was involved in Wilcox v. Wilcox, Ky., 406 S.W.2d 152, Young v. Young, Ky., 413 S.W.2d 887, and Collins v. Collins, Ky., 418 S.W.2d 739. In *Wilcox* and in *Collins* this court held that the father's obligation continued to age 21 because the separation agreements of the parties, incorporated into the divorce judgments, specifically provided for payment of support until the child "reached the age of majority." The court treated it as a matter of contractual intent. In *Young*, on the other hand, where there was no contract, this court held that the obligation ended when the child reached 18.

In the instant case the separation agreement, as it related to support payments, provided simply that the payments would be made "until further orders of the Court." From this we can find no evidence of *intent* that the payments would continue to the then fixed age of majority. The agreement contained a further provision, under which the father agreed to convey to the mother a valuable dwelling property, to provide a home for the mother and son "until he reaches the age of 21 at which time the trust will terminate and title to the corpus will vest absolutely and fee simple in him." The appellant mother argues that this provision, specifically referring to age 21, indicates the intent of the parties that the support payments should continue to age 21. We are not so persuaded. The fact that the parties chose to be specific concerning age with regard to the use and ownership of the house, but

cnose to leave to "further orders of the Court" the matter of the amount and duration of support payments, indicates to us that they had no specific intent concerning the age to which support payments should continue.

Since we do not find any contractual intent that payments continue to age 21, the situation here is comparable to that in *Young*, where there was no contract, and the holding in Young is controlling.

The judgment is affirmed.

All concur, except STEINFELD, J., who did not sit.