**L. C. WORRELL, Appellant,**

v.

**Helen Irene WORRELL, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1973.

Laurence E. Higgins, Louisville, for appellant.

Sidney Hanish and Bernard Lewis, Louisville, for appellee.

VANCE, Commissioner.

This case again presents the question of whether payments for support and maintenance of children, contracted for before the age of majority was reduced by statute, terminate at age eighteen or at age twenty-one.

In 1961 appellant and appellee executed a separation agreement which provided:

"* * * It is agreed that the party of the second part (appellant) shall pay the sum of twenty dollars ($20.00) per week for maintenance of the said infant boy to the party of the first part (appellee)." Words in parentheses added.

In 1965 the age of majority was lowered from twenty-one to eighteen years by the General Assembly. In 1971 the child reached his eighteenth birthday and the father petitioned for an order terminating the payments for child maintenance. The trial court ordered payments to continue until age twenty-one.

We have heretofore held that child support payments, contracted for at a time when the age of majority was twenty-one years, will continue to age twenty-one if it is shown that at the time of the execution of the contract the parties contemplated that the payments would continue until the child reached the age of majority in effect at that time. Wilcox v. Wilcox, Ky., 406 S.W.2d 152 (1966) and Collins v. Collins, Ky., 418 S.W.2d 739 (1967).

In *Wilcox* a 1951 agreement required that payments continue until the child reached the age of majority. Since the age of majority at that time was twenty-one years, it was held that payments would continue to age twenty-one even though the age of majority was subsequently lowered. *Collins* reached the same result on similar facts.

In Kirchner v. Kirchner, Ky., 465 S.W.2d 299 (1971), this court interpreted a contract which provided for support payments for "surviving minor children" to mean that the payments should continue for so long as the child remained a minor. The statute in effect at the time of the execution of the contract was held to be determinative of the age of majority.

█ The instant contract calls for payment of child maintenance for an "infant" child. We cannot distinguish it from *Kirchner* and by parity of reasoning it follows that the payments should continue so long as the boy remains an infant and the statute in effect at the time of the execution of the contract will determine the age of majority.

█ The fact that the chancellor at some point increased the payments from $20.00 per week to $30.00 per week and added the phrase "until further order of the court" does not alter the situation nor does the fact that the boy was temporarily gainfully employed for a short time after reaching his eighteenth birthday relieve the father of this obligation to support.

The judgment is affirmed.

All concur.