**Earl SHOWALTER, Appellant,**

v.

**Helen SHOWALTER, Appellee.**

Court of Appeals of Kentucky.

June 29, 1973.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Harley Blankenship, Louisville, for appellee.

MILLIKEN, Justice.

Earl Showalter appeals from an order directing him to make increased payments

to his former wife Helen for support and maintenance of the two children born of the marriage. The principal question raised with respect to the younger child, Debra, is whether the increase in payments was justified by a showing of changed circumstances so substantial and continuing as to make the terms of a prior decree unreasonable. Regarding the elder child, Sheila, we must first determine whether Earl's obligation to provide her support terminated when she reached eighteen years of age. If it did not, we are left with the question whether the trial judge had authority to increase the allowance for her.

Helen was granted a divorce on November 23, 1962. A settlement agreement dated October 10, 1962, was made a part of the judgment. It provided that Earl would pay her the sum of $20 per week for the maintenance and support of their "infant" children. Helen filed a supplementary complaint on May 5, 1965, praying for an increase in support payments to $40 per week. The parties orally agreed to an increase of $5.00 per week for each child, increasing Earl's total weekly payments from $20 to $30. Although the commissioner's suggested order was never signed by the trial judge, Earl made the $30 per week payments until Sheila's eighteenth birthday at which time he reduced the weekly payments to $15.

Helen renewed the controversy on August 18, 1972, by filing a rule to show cause why the child-support payments should not be increased to the amount of $70 per week. Following a hearing, an order was entered amending the 1962 judgment and providing for an increase in the amount of support payments to $50 per week for the two children.

■ In 1965 the age of majority was lowered from twenty-one to eighteen years by the General Assembly (KRS 2.015). As a result, in the absence of a contract, the legal obligation of a father to support

his child terminates upon his reaching his eighteenth birthday. Young v. Young, Ky., 413 S.W.2d 887. Where child-support payments were contracted for at a time when age of majority was twenty-one years, they will continue to age twenty-one if there is evidence that at the time of the execution of the contract the parties contemplated that the payments would continue until the child reached the age of majority in effect at the time of the agreement. We have interpreted the language contained in settlement agreements to evidence an intent of the parties that the payments would continue until the children reached age twenty-one when that was the age of majority at the time of the agreement, in Worrell v. Worrell, Ky., 489 S.W.2d 817; Kirchner v. Kirchner, Ky., 465 S.W.2d 299; Collins v. Collins, Ky., 418 S.W.2d 739; and Wilcox v. Wilcox, Ky., 406 S.W.2d 152. Where the agreement is silent concerning the duration of payments, we have held that the situation is analogous to Young, supra, and the father's support obligation terminates when his child reaches age eighteen. Blackard v. Blackard, Ky., 426 S.W.2d 471.

■ In the instant case the settlement agreement provided for payment of child maintenance for "infant" children and was entered into when the age of majority was twenty-one. These factors are similar to those presented in Worrell, supra, and we hold that Earl is obligated to provide support for both children until they reach their twenty-first birthdays.

■ While it is not clear from the settlement agreement and divorce judgment that the child-support payments were to be made on a per-child basis, the commissioner's report dated June 18, 1965, recommending that an oral agreement between the parties to an increase of "$5.00 per week for each child" be given effect, indicates that the allowance was a separable amount for each child. Although Earl was mistaken as to the duration of his support

obligation, the fact that he reduced the $30 per week payments to $15 when Sheila reached age eighteen indicates that the parties contemplated payments on a per-child basis. We do not deem it significant that the trial judge did not sign the recommended order. The fact that Earl made the increased payments for seven years evidences the agreement of modification with reasonable certainty.

The trial court retained jurisdiction to increase the amount of support payments with respect to Debra, who had not reached the statutory age of majority. The court order provides for an increase in payments to "$50 per week as support for the two infant children," which, in light of the foregoing discussion, would be allocated on the basis of $25 per week for each child. This represents an increase of $10 per week over the amount Earl was obligated to pay for Debra's support pursuant to the agreement of modification, and is warranted under the circumstances presented in the record.

When Sheila reached eighteen, the current statutory age of majority, the trial court no longer had jurisdiction to modify the amount of support payments. The court could, however, enforce the contractual obligations of the parties. Here, the original agreement provided for $20 per week for support of the children and was modified by agreement of the parties to $30 per week or $15 per week per child. We hold that Earl is obligated to provide $15 per week for support of Sheila pursuant to his oral agreement, but no more.

The maintenance award of $25 a week for the support of Debra is affirmed, and the award of $25 a week for Sheila is reversed for modification in conformity hereto.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.