Camilla C. SHUMAKER, Appellant,

v.

Honorable Willard B. PAXTON, as Special Judge of the McCracken Circuit Court, Appellee.

Supreme Court of Kentucky.

March 10, 1981.

Joseph S. Freeland, Paducah, for appellant.

J. D. Ruark, Morganfield, for appellee.

## AFFIRMING

AKER, Justice.

James R. Daniels, a judge of the McCracken District Court, and Camilla C. Daniels were divorced by a decree of the Union Circuit Court entered January 3, 1978. Camilla was granted custody of the children; Vickie, age 10, and James Christopher, age 8. Both James and Camilla have remarried. Camilla (now Camilla Shumaker) and the children moved to McCracken County shortly after the Union County decree of dissolution was entered and all parties here involved have now resided in McCracken County for over two years.

On April 30, 1980, James filed a petition in the McCracken Circuit Court asking that the Union County decree be modified to allow the parties joint custody, with each parent keeping the children six months of the year. Camilla through counsel moved to dismiss James' petition for lack of jurisdiction.

Both of the regular judges of the McCracken Circuit Court recused themselves and Hon. Willard B. Paxton, the present appellee, was duly designated Special Judge of the McCracken Circuit Court for the purpose of hearing the case. Judge Paxton overruled Camilla's motion to dismiss James' petition. As it was then apparent that Judge Paxton intended to proceed with the case, Camilla filed a petition in the Court of Appeals for a writ of prohibition on the grounds that the McCracken Circuit Court was threatening to act outside its jurisdiction. The Court of Appeals denied the writ by its order dated August 14, 1980. This is a direct appeal from that order. We affirm.

■ The writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction and there is no adequate remedy by appeal, or when they are about to act incorrectly, although within their jurisdiction "... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so." *Evans v. Humphrey*, 281 Ky. 254, 258, 135 S.W.2d 915, 917 (1940).

■ Because there is an adequate remedy by appeal, the writ of prohibition will be denied. However, as the present controversy indicates that there is a question whether McCracken County Circuit Court is the proper forum in which to bring this custody modification proceeding we will address that issue.

Camilla's petition for prohibition rests on *McNees v. McNees*, 97 Ky. 152, 30 S.W. 207, 17 Ky.L.Rep. 25 (1895), and its progeny, which stand for the proposition that once a custody determination is made in the circuit court, that court has continuing and exclusive jurisdiction of custody and maintenance matters until the child attains the age of majority because the granting court may modify its order at any time upon a change of circumstances.

The enactment in 1972 of Kentucky's no-fault divorce law, KRS 403.110 et seq., patterned after the divorce portion of the Uniform Marriage and Divorce Act; and in 1980 of the Uniform Child Custody Jurisdiction Act, KRS 403.400 et seq., have to a great extent eroded the doctrine of continuing exclusive jurisdiction. Our decisions in *Turley v. Griffin*, 508 S.W.2d 764 (1974), holding that Kentucky courts were divested of jurisdiction after a child moved from this state and there ceased to be sufficient contacts with this state to vest jurisdiction here; and *Honigsberg v. Goad*, 550 S.W.2d 471 (1976), holding that a Kentucky circuit court cannot retain jurisdiction indefinitely by wording its order to that effect, reflect this.

■ In his verified Response to Petition for Writ of Prohibition in the Court of Appeals, Judge Paxton stated that KRS

403.260(4)(a)[1] "...gives the McCracken Circuit Court the venue of the action." While we feel that the above statute is aimed primarily at interstate rather than intra-state applications we do view it as affording some direction and guidance for the proper forum in which to maintain an action such as we have here. We can find no statutory prohibition or inconsistency in permitting the McCracken Circuit Court to hear this cause under the facts of this case.

In the order denying Camilla's motion to dismiss Judge Paxton listed the following reasons for assuming jurisdiction of the case:

"(1) McCracken County is the residence of the parties and the children for at least the preceding two years.

(2) The evidence in this case can probably best be produced by witnesses who reside in McCracken County.

(3) If the court, or the parties, request it, the Department of Human Resources will be required to make a report on the parties homes which would involve witnesses in McCracken County.

(4) McCracken County is the forum most convenient for the parties.

(5) ..."

We find these reasons convincing. We see no good reason to send this case back to Union County when all the evidence and the parties themselves are in McCracken County and have been there for over two years.

A more dramatic case, perhaps, would have been made if the parties herein were now residents of Fulton County, Kentucky after having formerly litigated custody in Pike County while in residence there. There could be little, if any, justification in requiring the parties to travel the length of the state to litigate a custody modification matter. Here the distances are smaller but the underlying considerations are the same.

The writ of prohibition is denied and the decision of the Court of Appeals is affirmed.

All concur.

---

1. KRS 403.260 was repealed during the pendency of this action by 1980 ch. 69, Sec. 25 and replaced by KRS 403.420, enacted by 1980 ch. 69, Sec. 3. The changes made no not affect this opinion.