Harry E. WEILAGE, Appellant,

v.

Carolyn J. WEILAGE, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1982.

Robert M. Kaercher, Louisville, for appellant.

Bernard S. Lewis, Louisville, for appellee.

Before COOPER, McDONALD and VANCE, JJ.

COOPER, Judge.

This is an appeal from a common law judgment entered for a custodial parent against a non-custodial parent for arrearage in child support, and from an order and judgment directing the non-custodial parent to continue paying child support until the youngest remaining child reaches the age of 21. At issue is whether the trial court erred in ruling that the non-custodial parent is obligated to continue paying child support until the child reaches the age of 21. On review, we reverse and remand.

The facts relevant to this litigation are as follows: In August of 1962, the marriage between the appellant, Harry E. Weilage, and the appellee, Carolyn J. Weilage, was dissolved. The divorce decree incorporated, by reference, an agreement entered into between the parties providing that the appellant would pay $30.00 per week maintenance for the two infant children. On February 12, 1965, the trial court modified the original decree and transferred custody of the two children to the appellant. On April 13, 1970, an agreed order was entered modifying the February 12, 1965 order and transferring custody of the children to the appellee. Additionally, this order required the appellant to pay $20.00 per week maintenance for the two children.

In June of 1979, the youngest child attained the age of eighteen. At that time, the appellant stopped paying child support to the appellee. Thereafter, the appellee filed a rule against him demanding, in part, a common law judgment for child support arrearage in the amount of $2,420. Written exceptions were filed by the appellant and the appellee filed a reply. The trial court subsequently entered a common law judgment for the amount demanded, less a credit of $400, and ordered the appellant to continue paying child support until the youngest child reached the age of twenty-one, or until further orders from the trial court. It is from such order and judgment that the appellant now appeals.

Principally, the appellant argues that where an agreement modifying both custody and child support was entered subsequent to the enactment of the present statute concerning the age of majority, the original contract was altered, therefore altering its conditions with respect to child support payment. In effect, the appellant argues that the agreed order entered into in April 1970 constituted a contract, and the statute in effect at that time, establishing the majority age as eighteen, applies. *Worrell v. Worrell,* Ky., 489 S.W.2d 817 (1973); *Kirchner v. Kirchner,* Ky., 465 S.W.2d 299 (1971). Conversely, the appellee argues that the statute establishing the age of majority as of August 15, 1962,—the time the original divorce decree was entered into—is controlling.

Under both *Worrell* and *Kirchner, supra,* the age of majority at the time the original divorce decree was entered into was controlling on the question of when child support payments are to terminate. *See also Showalter v. Showalter,* Ky., 497 S.W.2d 420 (1973). Nevertheless, the situation herein is distinguishable. Subsequent to the enactment of the statute changing the age of majority to eighteen, an agreed order was entered into by the parties not only modifying the amount of maintenance payable for each child, but transferring the children's custody from the appellant to the appellee. This order of April 13, 1970, effectively rescinded the original contract entered into on August 15, 1962. It constituted a new contract between the parties, thus nullifying the conditions and requirements of the original divorce agreement. *See* 17 Am. Jur. 2d *Contracts,* § 459 (1964). Consequently, the age of majority in effect at the time this agreed order was entered into—age eighteen—controls. As such, the trial court's order and judgment are clearly erroneous.

The order and judgment of the trial court is reversed with directions that it vacate the common law judgment entered against the appellant, and enter an order stating that the appellant had no liability for child support beyond June 7, 1979.

All concur.