**KENTUCKY BAR ASSOCIATION,**
Petitioners,

v.

**Stephen M. SHEWMAKER, Respondent.**

**No. 92–SC–637–OA.**

Supreme Court of Kentucky.

Oct. 22, 1992.

As Modified on Denial of Reconsideration
Jan. 21, 1993.

## OPINION AND ORDER

The issue presented before this Court is whether a writ of prohibition should be entered to prevent the Boyle Circuit Court from enforcing a protective order it entered in a disciplinary action.

The Kentucky Bar Association (KBA) scheduled a time to depose William H. McAnly, a material witness in a charge issued by the KBA against an unnamed attorney. Three days before the scheduled deposition McAnly filed a Motion for Protective Order in the Boyle Circuit Court. On July 29, 1992, Judge Shewmaker, as Judge of the Boyle Circuit Court, entered an order quashing the KBA's subpoena for McAnly to appear for deposition.

On August 5, 1992 the KBA petitioned this Court for a writ of prohibition against Judge Shewmaker which would prohibit Judge Shewmaker from enforcing the protective order entered against the KBA.

The KBA also filed a motion for a temporary order prohibiting and enjoining Judge Shewmaker from attempting to enforce the protective order. An order granting intermediate relief dissolving the protective order of the Boyle Circuit Court was issued by this Court on August 12, 1992. The taking of McAnly's deposition currently is being voluntarily held until the disposition of the issue herein.

McAnly filed a response to the KBA's petition for a writ of prohibition on September 3, 1992. On September 4, 1992, McAnly filed with this Court a Motion for Relief in the Nature of a Protective Order. The KBA filed a timely response to the motion.

At issue is whether the Boyle Circuit Court acted within its jurisdiction when it granted McAnly's motion for a protective order. Section 116 of the Kentucky Constitution states:

> The Supreme Court shall have the power to prescribe rules governing its appellate jurisdiction, rules for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice. *The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar.* (Emphasis added.)

This Court has enacted rules governing admission to the bar and the discipline of members of the bar. SCR 3.010 et seq.

The Court of Appeals in *Travis v. Landrum*, Ky.App., 607 S.W.2d 124, 125 (1980), properly articulated this Court's jurisdiction when it stated that:

> [t]he regulation and supervision of the practice of law in our court system and the admission and discipline of members of the bar has long been a function of the judicial branch of government. The Kentucky Bar Association has been the agency through which the *Supreme Court* administers its supervision and discipline of the members of the bar. (Emphasis added.)

Since 1918 the highest court in Kentucky has exercised the sole right to admit and discipline attorneys. This authority supersedes any inherent power of the circuit court. *Ratterman v. Stapleton,*

Ky., 371 S.W.2d 939 (1963). It is clear that this Court is vested with the exclusive jurisdiction over disciplinary proceedings. *See* Kentucky Constitution Section 116 and SCR 3.010 et seq.

As previously stated, McAnly initially filed a motion for a protective order with the Boyle Circuit Court. After we issued an Order granting intermediate relief, McAnly filed a motion for relief in the nature of a protective order with this Court. Both motions sought to relieve McAnly from being deposed by the KBA. The proper procedure, and forum, for such relief is to petition this Court for a writ of prohibition. In the interest of economy, we shall regard the latter filed motion of McAnly as if it were an answer to the KBA's previously filed petition for writ of prohibition. For this opinion, we shall also characterize McAnly's motion as a counter claim petition for a writ of prohibition.

The writ of prohibition is an extraordinary remedy. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981). In *Shumaker* we set forth the criteria for the issuance of a writ of prohibition.

Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction and there is no adequate remedy by appeal, or when they are about to act incorrectly, although within their jurisdiction "... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so."

*Shumaker* at 131 (quoting *Evans v. Humphrey*, 281 Ky. 254, 135 S.W.2d 915, 917 (1940)). A writ of prohibition shall be granted only in exceptional situations where there is no other adequate remedy at law to prevent a miscarriage of justice. *Graham v. Mills*, Ky., 694 S.W.2d 698 (1985).

Both the KBA and McAnly have petitioned this Court for a writ of prohibition. We shall first examine the grounds for the KBA's petition in light of the criteria set forth in *Shumaker*.

McAnly's motion for a protective order was made under CR 26.03. The KBA contends that CR 26.03 does not bestow jurisdiction upon circuit courts of this Commonwealth to entertain motions for protective orders in pending disciplinary actions. CR 26.03, captioned "Protective Order," provides in part:

(1) Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the judicial district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, ...

Supreme Court Rule 3.340 states that testimony at disciplinary hearings shall be in person, except that the parties may use depositions under the same standards as those prescribed by the Kentucky Rules of Civil Procedure. Thus the taking of depositions for the purposes of investigating a KBA charge against an attorney falls within the realm of disciplinary actions. A protective order from Boyle Circuit Court preventing McAnly from being deposed is violative of this Court's exclusive jurisdiction over disciplinary proceedings. CR 26.03 does not bestow upon circuit courts the jurisdiction to enter protective orders in disciplinary actions. Because the circuit court proceeded outside its jurisdiction and because the KBA does not have an adequate remedy by appeal, a writ of prohibition shall be issued against the Honorable Stephen W. Shewmaker, Judge of the Boyle Circuit Court.

Next we examine the grounds upon which McAnly bases his improperly filed petition for a writ of prohibition. McAnly first asserts that the KBA's subpoena to take his deposition was not issued in accordance with the requirements of notice, hearing and a showing of good cause as found in SCR 3.180(3).

SCR 3.180(3) provides that the Tribunal may authorize the Director to issue a subpoena after a hearing, notice and a show-

ing of good cause in regards to "any evidence deemed by the Tribunal to be material to the investigation of a *complaint.*" (Emphasis added.) SCR 3.180(3) applies only to investigations which are at the complaint stage. It has no application to post-charge matters. Since the unnamed attorney had already been charged, the underlying KBA investigation was beyond the complaint stage. Thus, SCR 3.180(3) is inapplicable to the subpoena issued by the KBA.

■ McAnly's next contention is that the subpoena for his deposition, which was issued pursuant to SCR 3.330 and SCR 3.340, is not the appropriate authority for depositions.

SCR 3.330 provides in pertinent part that "[u]pon the application of a party or upon direction of the Trial Commissioner, the Director shall issue subpoenas for the attendance of witnesses or the production of evidence." SCR 3.340 adds to this by stating that "[t]he testimony at all hearings shall be in person, except that the parties may use depositions". The combination of SCR 3.330 and SCR 3.340 provides an abundance of authority for the taking of depositions.

■ McAnly's third assertion is that the procedural rules do not permit discovery depositions except by agreement. McAnly is no longer willing to agree to be deposed.

Testimony at disciplinary hearings shall be in person. The exception to this is that parties may use depositions under the standards proscribed by the Kentucky Rules of Civil Procedure. SCR 3.340. CR 27.01(3) specifically allows for the court to order the taking of a deposition. Likewise CR 45.02 provides that a "subpoena may also *command* the person to whom it is directed to produce the books, papers, documents or tangible things designated therein; but the court, upon motion … may (a) quash or modify the subpoena". (Emphasis added.)

Both of these rules are specific in that discovery depositions do not have to be taken by agreement.

The fourth averment of McAnly is that the Trial Commissioner had no power to issue a subpoena for testimony or production of documents at a deposition.

SCR 3.330 provides in pertinent part that "[u]pon the application of a party or *upon the direction of the Trial Commissioner,* the Director shall issue subpoenas for the attendance of witnesses or the production of evidence." (Emphasis added.) The language of the rule makes it clear that the duly appointed Trial Commissioner has the power to issue such subpoenas.

■ McAnly's fifth ground for a writ of prohibition is that he has appeared three separate times to be deposed by the KBA and a subpoena for additional appearances would be oppressive.

There is much discrepancy between McAnly's version and the KBA's version of the aborted attempts to depose McAnly. Nevertheless, even if the subpoena would be oppressive, under the facts of this case, McAnly's version, even if true, is not enough to warrant prohibiting the taking of his deposition.

None of McAnly's grounds for a writ of prohibition fall within the criteria for the issuance of a writ. The KBA is not proceeding outside its jurisdiction. Nor is the KBA acting incorrectly. As previously explained, it is within the authority and jurisdiction of the KBA to depose McAnly. McAnly's petition for writ of prohibition is denied.

For the foregoing reasons McAnly's petition for a writ of prohibition is denied and the KBA's petition for a writ of prohibition to enjoin the Boyle Circuit Court from enforcing its protective order against the KBA is granted.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., concurs in result only.

ENTERED October 22, 1992.

/s/Robert F. Stephens
·Chief Justice