RENDERED:  JUNE 24, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0805-MR

TIMOTHY POOLE                                                                    APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 21-CI-01047

VALETTA BROWNE                                                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, TAYLOR, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Timothy Poole ("Appellant") appeals from an order of

the Fayette Circuit Court granting a motion to dismiss filed by Valetta Browne.

Appellant argues that the circuit court erred in concluding that the Kentucky

Supreme Court has exclusive jurisdiction to adjudicate his action alleging the

negligent scoring of the Kentucky bar examination and the reporting of its results.

For the reasons stated below, we conclude that the circuit court has jurisdiction in this matter; therefore, we reverse the order on appeal and remand the matter to the circuit court.

## FACTS AND PROCEDURAL HISTORY

The facts are not in controversy. On October 5 and 6, 2020, Appellant took the Kentucky bar examination which was conducted remotely due to the COVID-19 pandemic. The examination was administered by the Kentucky Board of Bar Examiners ("KBBE").

On November 30, 2020, the KBBE reported via email to Appellant that he received a passing score on the examination. Three days later he was informed that a mistake had been made in tabulating the examination scores, and that he actually had not received a passing score. The mistake occurred due to inaccurate data entry on an Excel spreadsheet. Appellant was advised that he would have to retake the bar examination the next time it was offered.

In April 2021, Appellant filed the instant negligence action in Fayette Circuit Court against KBBE employee Valetta Browne ("Appellee"), who he alleged was directly responsible for the scoring of the bar examination and the dissemination of the results.[1] Appellant asserted that Appellee violated a duty of

---

[1] Pursuant to Kentucky Supreme Court Rule ("SCR") 2.000, the Kentucky Supreme Court created the Kentucky Office of Bar Admissions ("KYOBA"), which is comprised of the KBBE

reasonable care to him which proximately resulted in Appellant suffering emotional and economic damages.

The matter proceeded in Fayette Circuit Court, whereupon Appellee filed a motion to dismiss the action on jurisdictional grounds. In support of the motion, Appellee argued that the Kentucky Constitution vests exclusive jurisdiction over Kentucky bar admission with the Kentucky Supreme Court. Persuaded by Appellee's argument, the Fayette Circuit Court entered an order in July 2021, granting Appellee's motion to dismiss. The court found in relevant part that Appellant's negligence action related to bar admission, and that the Kentucky Constitution and supportive case law demonstrated that jurisdiction over bar admission was found solely with the Kentucky Supreme Court. This appeal followed.

## STANDARD OF REVIEW

Issues of subject matter jurisdiction are questions of law which are reviewed *de novo*. *Biggs v. Biggs*, 301 S.W.3d 32, 33 (Ky. App. 2009) (citation omitted).

---

(*see* SCR 2.020) and the Character and Fitness Committee ("C&F") (*see* SCR 2.040). Appellee was the director and general counsel of the KYOBA, KBBE, and C&F.

## ARGUMENTS

Appellant argues that the Fayette Circuit Court erred in granting Appellee's motion to dismiss on jurisdictional grounds. He asserts that his negligence action does not involve admission to the bar nor supervision of bar members. Appellant maintains that he has not argued that he was improperly denied admission to the bar, and has not sought any relief related to the admission to practice law. As such, Appellant contends that he is prosecuting a common negligence action over which the circuit court may properly exercise jurisdiction. The action, he asserts, is not related to bar admission over which the Kentucky Supreme Court has exclusive jurisdiction. He also argues that Appellee is not shielded by quasi-judicial immunity. He seeks an opinion reversing the order on appeal and remanding the matter for further proceedings in the circuit court.

## ANALYSIS

The primary issue before us is whether the Fayette Circuit Court properly determined that a negligence action against the director and general counsel of the KBBE alleging a failure to properly grade a bar examination and disseminate its results falls within the Kentucky Supreme Court's exclusive jurisdiction. In support of his argument that the Fayette Circuit Court rather than the Kentucky Supreme Court has jurisdiction in this matter, Appellant asserts that his action does not involve admission to the bar and therefore does not fall within

-4-

the high Court's authority to govern admission to the bar. We are not persuaded by this contention, as bar admission is predicated on bar examination. The scoring of the bar examination and the dissemination of results to bar applicants are integral to the Kentucky Supreme Court's process of admitting persons to the bar. *See* SCR 2.020 (responsibilities of the Kentucky Board of Bar Examiners); SCR 2.080 (bar examinations, scoring, and procedures). Appellant's action implicates the Kentucky Supreme Court's duty to govern bar admission. The salient question, though, is whether the high Court has original jurisdiction to serve as a trial court in an action alleging the negligent execution of that duty.

In dismissing Appellant's action for lack of subject matter jurisdiction, the Fayette Circuit Court relied on Kentucky Constitution § 116, which states,

> The Supreme Court shall have the power to prescribe . . .
> rules of practice and procedure for the Court of Justice.
> The Supreme Court shall, by rule, govern admission to
> the bar and the discipline of members of the bar.

The Kentucky Supreme Court has sole authority to designate who is authorized to practice law in the Commonwealth. *May v. Coleman*, 945 S.W.2d 426, 428 (Ky. 1997). This constitutional authority supersedes any inherent power of the circuit courts. *Kentucky Bar Ass'n v. Shewmaker*, 842 S.W.2d 520, 521 (Ky. 1992) (citation omitted).

As to the scope of the high Court's jurisdiction, Kentucky

Constitution § 110(2)(a) provides,

> The Supreme Court *shall have appellate jurisdiction only*, except it shall have the power to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice.

(Emphasis added.)  The express language of Kentucky Constitution § 110(2)(a) disposes of the issue before us.  The Supreme Court has appellate jurisdiction only, subject to the limited exceptions set out in § 110(2)(a).  Those exceptions are not implicated in the matter before us, as Appellant is not seeking a writ to aid the Supreme Court's jurisdiction, the Court's complete determination of any cause, nor its exercise of control over the Court of Justice.[2]  *Id.*

Kentucky's circuit courts have "original jurisdiction of all justiciable causes not vested in some other court."  KY. CONST. § 112(5).  While § 116 sets out the Supreme Court's duty to govern admission to the bar, it does not grant to the high Court the jurisdiction to adjudicate a negligence action arising from the execution of that duty.  The duty to govern bar admission is wholly separate from

---

[2] The phrase "or the complete determination of any cause" is somewhat ambiguous.  An analogous provision is set out at Kentucky Constitution § 111(2), which establishes the jurisdiction of the Kentucky Court of Appeals.  Kentucky Constitution § 111(2) employs the same phrase as Kentucky Constitution § 116 but with the additional language "within its appellate jurisdiction."  Because these provisions were amended simultaneously in 1976 with the creation of the Kentucky Supreme Court, we interpret the phrase "or the complete determination of any cause" in Kentucky Constitution § 116 to mean "within its appellate jurisdiction."  *See Mischler v. Thompson*, 436 S.W.3d 498, 501-02 (Ky. 2014).

the jurisdiction to adjudicate a negligence action arising from the execution of that duty. *See Francis v. Taylor*, 593 S.W.2d 514, 515 (Ky. 1980), recognizing that the Kentucky Supreme Court has "only appellate jurisdiction," the jurisdiction to issue writs "to implement that jurisdiction," and the authority to supervise the entire Court of Justice.

## CONCLUSION

Though the Kentucky Supreme Court has the duty to govern admission to the bar, it does not have original jurisdiction to consider a negligence action arising from the exercise of that duty. The Fayette Circuit Court has original jurisdiction over Appellant's action per Kentucky Constitution § 112(5), as such jurisdiction is not vested with any other court. For these reasons, we reverse the order of the Fayette Circuit Court granting Appellee's motion to dismiss for lack of subject matter jurisdiction, and remand the matter to the Fayette Circuit Court for further proceedings. Appellant's argument as to quasi-immunity is moot.

ALL CONCUR.

BRIEF FOR APPELLANT:

Sam Aguiar
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mitchel T. Denham
Louisville, Kentucky