**Jo Ann TURLEY, Petitioner,**

v.

**Henry M. GRIFFIN, Judge, Daviess Circuit Court, et al., Respondents.**

Court of Appeals of Kentucky.

May 3, 1974.

Stewart B. Elliott, Owensboro, for petitioner.

David L. Yewell, Owensboro, for respondents.

STEPHENSON, Justice.

Jo Ann Turley seeks to prohibit a judge of the Daviess Circuit Court from proceeding in a child custody hearing on the ground that the Daviess Circuit Court does not have jurisdiction.

Jo Ann Turley and Daniel Lee Turley were married on July 26, 1969, in Columbia, Missouri. A child, Gayla Michelle Turley was born of the marriage. On September 22, 1971, the Turleys, then residents of Daviess County, were divorced by judgment of the Daviess Circuit Court. Custody of the daughter, Gayla Michelle was awarded to Jo Ann, subject to visitation rights.

After the divorce, Jo Ann moved to Indiana, and then on December 18, 1973, she moved from Indiana to Dallas, Texas. The first of March 1974, Jo Ann permitted Daniel Lee to bring the child to Kentucky for a two weeks' visit. During this period, Daniel Lee filed a motion in the Daviess Circuit Court to change and modify the original custody decree by granting him the custody of the child. Jo Ann, after unsuccessfully challenging the jurisdiction of the Daviess Circuit Court filed an original action in this court seeking prohibition.

We are presented with the problem of construing the Acts of the 1972 General Assembly with regard to jurisdiction of a custody proceeding.

KRS 403.260, in part, provides as follows:

"Custody—Jurisdiction, commencement of proceedings.—(1) A court of this state competent to decide child custody matters has jurisdiction to make a child

custody determination by initial or modification decree if:

(a) This state:

1. Is the home state of the child at the time of commencement of the proceeding; or

2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or person acting as parent continues to live in this state; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

1. The child and his parents, or the child and at least one (1) contestant, have a significant connection with this state; and

2. There is available in this state substantial evidence concerning the child's present future care, protection, training, and personal relationships; or

(c) The child is physically present in this state; and

1. Has been abandoned; or

2. It is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

(d) 1. No other state has jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c) of subsection (1), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

2. It is in his best interest that the court assume jurisdiction.

(2) Except under paragraphs (c) and (d) of subsection (1), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on the court of this state to make a child custody determination."

The provisions of the Act clearly provide that six months after Jo Ann and the child moved to Indiana this state was divested of jurisdiction to make a child custody determination as the home state.

While it might be argued that the child and the father have a significant connection with this state ((b) 1), there is no showing that there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationship ((b) 2). It is not contended that this state has jurisdiction under (c) or (d).

The purpose of (b) 1 and 2 is to limit jurisdiction rather than proliferate it. Jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. Uniform Child Custody Jurisdiction Act (U.L.A.) § 3, Commissioners' Note p. 108.

We are of the opinion that the facts of this case are not sufficient to vest this state with jurisdiction to make a child custody determination in accordance with the provisions of the Act.

The temporary order of prohibition heretofore issued in this proceeding is now made permanent, and the Daviess Circuit Court is prohibited from proceeding further in this matter.

All concur.