**Barbara HAWLEY, Appellant,**

**v.**

**Robert C. SHAVER, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

As Modified on Denial of Rehearing April 25, 1975.

Eugene H. Alvey, Louisville, for appellant.

David L. Gittleman, Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment which denied to appellant the immediate custody of two minor children.

The appellant, mother of the children, was granted a divorce and custody of her infant children by a court of competent jurisdiction in the state of Connecticut in 1971. In violation of the order of custody, the appellee removed two of the children from the United States to England for a period of more than two years and did not return them to their mother until December 1973. At that time the appellant was residing in the state of New York and the children made their home with her until July 4, 1974, a period of more than six months.

In the meantime the appellee became a resident of the state of Kentucky, and appellant permitted the children to visit with appellee in Kentucky during the summer of 1974, commencing with the July 4th weekend. At the end of the summer the appellee refused to return the children to appellant in New York, and she instituted this petition in Kentucky to obtain their immediate custody.

The trial court refused to grant immediate custody to her upon its finding that appellant had orally agreed with appellee to modify the custody order of the Connecticut Court and that said order having thereby been modified the appellant was not entitled to immediate custody of the children.

We have grave doubts that any evidence in the record supports the finding of the chancellor concerning the oral modification of the Connecticut decree. Be that as it may this proceeding does not involve the question of which party is entitled ultimately to the custody of the children but only the question of which party is entitled to immediate custody.

No authority is cited to us which vests any jurisdiction in the courts of Kentucky to adjudicate the question of ultimate custody. KRS 403.260 provides:

"A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state:

"1. Is the home state of the child at the time of commencement of the proceeding; or

"2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or person acting as parent continues to live in this state; or

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

"1. The child and his parents, or the child and at least one (1) contestant, have a significant connection with this state; and

"2. There is available in this state substantial evidence concerning the child's present future care, protection, training, and personal relationships; or

"(c) The child is physically present in this state; and

"1. Has been abandoned; or

"2. It is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

"(d) 1. No other state has jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c) of subsection (1), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

"2. It is in his best interest that the court assume jurisdiction.

"(2) Except under paragraphs (c) and (d) of subsection (1), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on the court of this state to make a child custody determination.

"(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. * * *."

■ It is evident that Kentucky is not the home state of these children. The children have no significant connection with this state except for their presence here as a result of the visitation consented to by appellant. Physical presence alone is not sufficient to confer jurisdiction except under KRS 403.260(1)(c) & (d) which grants such jurisdiction if the child has been abandoned or is threatened with the emergency of immediate mistreatment or neglect or if no other state has jurisdiction under the prerequisites set forth in the statute. Neither of those sections is applicable under the facts of this case.

■ The denial of immediate possession to the appellant based upon an alleged oral modification of the Connecticut decree has the effect of modifying that decree, and in our opinion the trial court had no jurisdiction to modify the Connecticut decree.

Story v. Story, Ky., 423 S.W.2d 907 (1968), is distinguishable on the facts. It upheld a judgment in which the chancellor found there had been no oral modification of a judgment providing for the payment of child support in installments and the question of jurisdiction was not raised or discussed. Likewise the case of Galloway v. Pruitt, Ky., 469 S.W.2d 556 (1971), is not controlling because it predated the enactment of KRS 403.260. Cf. Turley v. Griffin, Ky., 508 S.W.2d 764 (1974).

The judgment is reversed with direction that appellant's petition for immediate custody and possession of the infant children be granted.

All concur except STERNBERG, J., not sitting or participating.