**Ruth Ann HONIGSBERG, Petitioner,**

v.

**Frank R. GOAD, Judge, Allen Circuit Court, et al., Respondents.**

Supreme Court of Kentucky.

Dec. 17, 1976.

---

R. Lee Steers, Jr., Steers & Steers, Franklin, for petitioner.

James S. Secrest, Scottsville, for respondents.

JONES, Justice.

Ruth Ann Honigsberg seeks a writ of prohibition against the judge of the Allen Circuit Court. She alleges that the Allen Circuit Court does not have jurisdiction to make a determination of the custody of Derick Scott Marsh and Barry Todd Marsh, two sons born to her and Berlin C. Marsh.

Prior to 1969, Ruth and Berlin were husband and wife. They had three children; Berlinda, Derick and Barry. In 1969 she and Berlin were divorced. In a separation agreement Ruth was granted custody of the children. In 1972, Ruth and Berlin agreed that he could have custody of Berlinda. In July 1976, Berlin filed a motion for modification of the custody decree. He petitioned that he be awarded the custody of Derick and Barry. Ruth contested on the ground that the Allen Circuit Court lacked jurisdiction. The Allen Circuit Court found that it did have jurisdiction.

The single issue presented is whether or not the Allen Circuit Court had jurisdiction to determine the custody of Derick, age 12, and Barry, age 9.

Shortly after the divorce in 1969, Ruth and the children moved to Oklahoma. Subsequently, Ruth married Mr. Honigsberg. Derick and Barry have been living in Oklahoma for the past seven years. They have had brief visitation periods with Berlin during that time. Berlin contends that because the Allen Circuit Court order states that the court retained jurisdiction over custody matters in this case, that vests jurisdiction in the Allen Circuit Court. That argument is unfounded. The Allen Circuit Court cannot retain indefinitely jurisdiction over the custody of the children. This court is of the opinion that the Allen Circuit Court had no jurisdiction to determine the custody of these children. The home state of Derick and Barry is Oklahoma. Therefore, the Oklahoma court is the proper forum to determine their custody.

KRS 403.260, in part, provides as follows:

"*Custody —Jurisdiction, commencement of proceedings.*—(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

[(a) This state:

1. Is the home state of the child at the time of commencement of the proceeding; or

2. *Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason,* and a parent or person acting as parent continues to live in this state; or]

(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

1. The child and his parents, or the child and at least one (1) contestant, *have a significant connection with this state;* and

2. *There is available in this state substantial evidence concerning the child's present future care, protection,* training, and personal relationships; or

(c) The child is physically present in this state; and

1. Has been abandoned; or

2. It is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

(d) 1. No other state has jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c) of subsection (1), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

2. It is in his best interest that the court assume jurisdiction.

(2) Except under paragraphs (c) and (d) of subsection (1), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on the court of this state to make a child custody determination." (Emphasis added).

This court is of the opinion that the facts of this case are not sufficient to vest the Allen Circuit Court with jurisdiction to make a determination as to the custody of Derick and Barry in accordance with the provisions of the act. See *Turley v. Griffin,* Ky., 508 S.W.2d 764 (1974).

Therefore, the writ of prohibition is granted. The Respondent Judge is prohibited from proceeding further in this matter.

All concur.