Rudy C. BRYANT, Appellant,

v.

Patricia C. BRYANT, Appellee.

Supreme Court of Kentucky.

Jan. 28, 1977.

William M. Deep, King, Deep & Branaman, Henderson, Rudy C. Bryant, Henderson, for appellant.

William G. Craig, Sandidge, Holbrook & Craig, Owensboro, for appellee.

JONES, Justice.

Rudy C. Bryant appeals from a judgment of the Henderson Circuit Court which sentenced him to six months in jail and fined him the sum of five hundred ($500.00) for contempt. The fine and jail sentence were imposed because Rudy failed to comply with the trial court's order to deliver the custody of the parties' infant son Kevin to his mother, Patricia.

Rudy attacks the judgment on the theory that this court had no authority to direct the trial court to cause the immediate return of Kevin to Patricia. He bases this theory on the premise that:

(1) Patricia did not, prior to the filing of a request for a writ of prohibition with this court, ask the Henderson Circuit Court to cause Kevin to be returned to her, (2) Patricia at no time sought an order from this court directing the trial court to cause Kevin to be returned to her, and (3) that he had no notice that the issue of an order directing the return of Kevin to Patricia was before this court. Rudy contends that the trial court's order adjudging him in contempt is void. For that reason, he asserts

that he may not be punished for contempt of a void order. Each contention that the trial court, as well as this court, erred is refuted by the record.

This appeal hopefully will culminate a long and bitter controversy between Rudy and Patricia for Kevin's custody.

In order to place the issues in proper perspective, it is necessary to detail other proceedings that led to the present conviction of Rudy for contempt.

On September 17, 1971, Patricia and Rudy were divorced by judgment of the Henderson Circuit Court. The trial court awarded the custody of Kevin to Patricia. On November 26, 1971, Rudy filed a motion in the Henderson Circuit Court seeking custody of Kevin and to prohibit Patricia from taking Kevin to Tennessee. On March 23, 1972, the trial court overruled the motion and in his order specifically provided: "That the taking of the child (Kevin) by the defendant, his mother, to Nashville, Tennessee . . . for the purposes of establishing his residence there would not necessarily be detrimental to the best interest of the child." In the March 23, 1972 order the trial court found: "That . . . Patricia C. Bryant, does have sufficient, plausible and justifying reasons . . . to remove the residence of herself and the child to Nashville, Tennessee, and that defendant's purpose in moving . . . is not motivated by a desire to deprive . . . Rudy C. Bryant of his visitation privileges."

Patricia and Kevin moved to Nashville in 1972. There was no problem concerning either custody or visitation rights. Rudy had liberal visitation rights with Kevin.

Kevin visited Rudy during August 1975. Kevin was to be returned to Nashville on September 1, 1975, so that he could be enrolled in the school he had attended for the past three years. Instead of returning Kevin, Rudy filed a petition for modification of the decree and that he be granted custody of Kevin.

Patricia responded to the petition for modification of the custody decree seeking

its dismissal on the ground that the trial court lacked jurisdiction to determine custody under the provisions of KRS 403.260. The trial court overruled Patricia's motion. He asserted he did have jurisdiction.

On September 23, 1975, Patricia filed in this court a petition for temporary writ of prohibition. That relief was granted. Thereafter, this court considered the petition for a permanent writ, the response and the exhibits. On October 16, 1975, the court granted permanent prohibition. The court was of the opinion that *Turley v. Griffin*, Ky., 508 S.W.2d 764 (1974), and KRS 403.260 are dispositive of the issue presented in the petition for writ of prohibition. The court held that the Henderson Circuit Court lacked jurisdiction. This court directed the trial court to enforce the immediate return of the custody and possession of the child to the petitioner, Patricia C. Bryant. Thereafter, the trial court filed a rather unique pleading styled Petition for Directions from the Court. In that lengthy petition the trial court requested this court to tell him how to effect the transfer of the custody of Kevin to his mother, Patricia. Subsequently, he entered the following order:

"Pursuant to the orders of the Court of Appeals of Kentucky entered on October 16, 1975, and November 13, 1975, the Henderson Circuit Court hereby orders and directs the respondent, Rudy C. Bryant, to personally deliver and return unto the petitioner, Patricia C. Bryant, at her residence and place of abode located on Fredericksburg Road in the area of Forest Hills, Nashville, Tennessee, the parties' child, Kevin C. Bryant, on Saturday, November 22, 1975, between the hours of 1 o-clock and 2 p. m. of said date . . . further said respondent is ordered and directed to comply with the foregoing order under pain of contempt of court."

Rudy failed to comply with the order. Patricia filed a motion for Rudy to show cause why he should not be held in contempt. On November 28, 1975, after a hearing, the trial court held Rudy Bryant in contempt of court. The issues presented by Rudy Bryant in his brief are weighed in the balance and found wanting. Neither of the issues raised has any merit. Each of them is refuted by the record.

This is a case where a ten-year-old boy was permitted to dictate his desires to the trial court. Of course Kevin was impressed with hunting and fishing and having pets. These made indelible impressions on his desire not to return to Nashville with his mother. It is tragic indeed that this matter could not have been settled amicably. Rudy C. Bryant is a lawyer and an officer of the court. He should have effected the return of Kevin to his mother. He contends that his refusal to do so in face of the order was that Kevin needed psychiatric treatment. The trial court permitted him by avowal to introduce the incompetent evidence of two psychiatrists. He contends that to return Kevin would not only endanger the child, but perhaps endanger Patricia. The court can appreciate Rudy's concern for his child. Likewise, the court recognizes the anxiety of the mother. The following excerpts from evidence heard by the trial court show the bitterness that existed between these parents:

"MR. CRAIG: Take him by the hand and let's go. You take him by the hand and lead him.

KEVIN BRYANT: (Pulling away from Mrs. Bryant) No. (All parties, all attorneys of record, the court and the court reporter as well as the sheriff and the child, Kevin, then proceeded to the courtroom and the following proceedings were had.)

KEVIN BRYANT: I'm not going.

MRS. BRYANT: May I get my help?

THE COURT: No ma'm, you have to take him along.

MR. CRAIG: No, just lead him with you. Just take him by the hand. (Mrs. Bryant then took Kevin by the hand.)

KEVIN BRYANT: (Pulling his hand away from Mrs. Bryant) No, Mama.

MRS. BRYANT: Come on Kevin.

KEVIN BRYANT: No, Mama.

MRS. BRYANT: Please come with me.

KEVIN BRYANT: No.

MRS. BRYANT: Come on, Kevin.

KEVIN BRYANT: No, Mama.

MR. CRAIG: Just take him by the hand.

MRS. BRYANT: Please come with me. (Kevin walking away from Mrs. Bryant)

MRS. BRYANT: (Screaming) My God, I can't believe all of you doing this to me. This is my child."

Perhaps the constant fight for custody, and the long delay has been a traumatic experience for all the parties. Yet, no one is above the law. It appears that Rudy seeks revenge, regardless of the consequences. Many years ago a wise man wrote:

"Revenge is a kind of wild justice which the more man's nature runs to, the more law ought to weed it out."[1]

Rudy Bryant has flagrantly defied the trial court's order. Under statutory and case law, the proper forum for the relief he sought was the courts of Nashville, Tennessee. That was and is the residence of both Patricia and Kevin. See KRS 403.260; *Turley v. Griffin*, supra and *Honigsberg v. Goad, Judge*, Ky. (decided December 17, 1976).

This court is of the opinion that the judgment should be and it is affirmed.

All concur except PALMORE, J., who did not sit nor participate in this decision.

---

1. Bacon, Francis—of Revenge.