818

Pauline A. HOOK, Appellant,

v.

Albert Warren HOOK, Appellee.

Court of Appeals of Kentucky.

April 8, 1977.

Discretionary Review Denied
June 29, 1977.

David A. Lambertus, Louisville, for appellant.

August A. Klapheke, Ford & Klapheke, Louisville, for appellee.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

Appellant and Appellee were divorced in 1970 by the State of Montana. Pauline A. Hook was awarded the care, custody and control of their infant child, Warren W. Hook. Both the Appellant and the Appellee subsequently left Montana. The Appellant and the infant child became residents of Texas, and the Appellee became a resident of Kentucky in 1972.

On October 27, 1975, Pauline brought Warren to his father in Kentucky. The child was brought here due to difficulties he was having in school as a result of his retardation disability. It was stated that this was done in the belief on the part of either or both parents that the change of environment might be helpful to the child. Subsequently, the father made arrangements for medical care including enrollment in a school for retarded children.

On April 2, 1976, five months and one week after the time the child was brought to Kentucky, Appellee instituted an action for custody of the child. He sought legal custody after he determined that he might otherwise have difficulty enrolling his child in the school for retarded children.

The initial issue between the parties and the question to be decided on this appeal is whether the Kentucky court has jurisdiction in this matter. The trial court found that it would be in the best interest of the child if this state assumed jurisdiction for the reasons: 1) The child and at least one contestant had a significant connection with this state and 2) There is available in this state substantial evidence concerning the child's future care, protection, training, and personal relationships, and there is no showing that any other state has or may validly assume jurisdiction.

We are of the opinion that the findings of fact by the trial court were not clearly erroneous and that the court correctly held that it had jurisdiction to make a child-custody determination in this case. Ample findings existed to meet the requirements of KRS 403.260, which are:

(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if

. . . . .

(B) it is in the best interest of the child that a court of this state assume jurisdiction because:

1. The child and his parents, or the child and at least one (1) contestant, have a significant connection with this state; and

2. There is available in this state substantial evidence concerning the child's present (and) future care, protection, training, and personal relationships

. . ..

We believe that *Turley v. Griffin,* Ky., 508 S.W.2d 764 (1974) and *Hawley v. Shaver,* Ky., 528 S.W.2d 669 (1975), are distinguishable from the present fact situation. The facts presented in this case exemplify maximum rather than minimum contact with this state. While there are several distinguishing factors, the major one is that the possession of the child in *Turley* and *Hawley* was the result of an agreed short visitation of the child. The Appellant also cited three recent decisions of the Kentucky Supreme Court. They were *Freeman v. Freeman,* Ky., 547 S.W.2d 437 (Decided January 14, 1977); *Honigsberg v. Goad,* Ky., 550 S.W.2d 471 (Decided December 17, 1976); and *Bryant v. Bryant,* Ky., 545 S.W.2d 938 (Decided January 28, 1977). These cases are likewise distinguishable from the case at bar. In *Freeman,* the Kentucky court gave full faith and credit to the Florida court, refused to take jurisdiction, and as to time, considered the fact that the parent in Florida did not know where the child had been taken. In the *Honigsberg* case, a Kentucky circuit judge was prohibited from considering a change

of custody during a brief return visit after the custodial parent had moved her residency from Kentucky to Oklahoma. Similarly, in *Bryant,* the Henderson Circuit Court, which granted a divorce and awarded custody, lost control when the custodial parent moved with the child to Tennessee for three years and only permitted the child to return to Kentucky for short visits with the father.

Appellant contends that if the Kentucky court assumes jurisdiction over the question of the custody of this child that all custodial non-resident parents will be fearful of sending their children to Kentucky for visitation with the non-custodial parent. We see no reason for any such fear, however, and the cases cited by the Appellant should adequately dispel any fear.

We need not decide whether the State of Texas had jurisdiction of the child, nor need we decide the question of exactly when the Kentucky court became justified in assuming jurisdiction. There must be a point in time when the circumstances of a situation dictate that jurisdiction of an interstate child pass to the place where the child presently resides.

Here it was found by the trial court that the child was brought to Kentucky due to difficulties he was having in school as a result of his retardation disability. We are in agreement with the trial court that something more than a mere short visitation was intended by the parents in this situation. There was a need by the Appellee to obtain custody in order to enroll the child in the school. The child and the Appellee had a definite connection with this state. The Appellant was personally before the Kentucky court. At the time the action was brought, the Kentucky court was in the best position to consider the best interest of the child, although the question of the child's best interest and custody remain to be determined.

Appellee also argues the issue of "unclean hands," but we need not decide that issue herein. We would add, however, that the action of Appellant in removing the child from the hospital without the consent or knowledge of his doctor reassures us that

the trial court's finding was correct when it determined that it was in the best interest of the child that a court of this state assume jurisdiction.

For the foregoing reasons, we affirm the order of the trial court overruling the Appellant's motion to dismiss this action and assuming jurisdiction to make a child custody determination, and we remand this case for further proceedings.

ALL CONCUR.