**Michele Sedki GILES, Applicant,**

v.

**The Honorable Thomas L. ANDERST, Circuit Court Judge, Respondent,**

and

**Sabah S. Sedki, Intervenor.**

**No. 13376.**

Supreme Court of South Dakota.

Argued March 25, 1981.

Decided May 6, 1981.

Michael Crew and Karen L. Crew of Crew Law Offices, Vermillion, for applicant.

Thomas R. Pardy of Mumford, Protsch, Sage & Pardy, Madison, for intervenor.

Upon the application of Michele Sedki Giles (applicant), we issued an alternative writ of prohibition directing the Honorable Thomas L. Anderst, Judge of the Fourth Judicial Circuit (respondent), to refrain and desist from any further proceedings relating to the custody of Laila Renee Sedki, in the action entitled "Michele R. Sedki vs. Sabah S. Sedki." We thereafter granted the motion of Sabah S. Sedki (intervenor) to intervene, and stayed further proceedings relating to the custody of Laila Renee Sedki. We now issue a permanent writ of prohibition.

Applicant and intervenor were married at Madison, South Dakota, on May 22, 1971. Laila was born as issue to this marriage on May 17, 1973. In August, 1974, the family moved to Eau Claire, Wisconsin, and in June of 1975, to Charlestown, Illinois. In July of 1976, applicant returned to Madison, South Dakota, with Laila and filed for a divorce. She subsequently moved to Vermillion where Laila attended kindergarten during the 1978–79 school year. In 1979, applicant and Laila returned to Madison and lived with applicant's parents. On August 7, 1978, respondent Judge entered an order, which, based on a stipulation, amended the child support provisions of the divorce judgment. In August of 1979, respondent Judge dismissed a petition of intervenor to modify the divorce judgment custody provisions. In August, 1979, applicant and Laila moved to Pocatello, Idaho, where Laila attends school. In the summer of 1978, intervenor moved from Charlestown, Illinois, to Great Falls, Montana, where he now resides. Since moving to Idaho, Laila has spent about two and one-half weeks in South Dakota.

Upon the affidavit and motion of intervenor, respondent Judge issued an order dated February 2, 1981, directing applicant to appear before the Circuit Court on February 20, 1981, to show cause why intervenor should not be granted permanent custody of Laila, or in the alternative, why he should not be granted visitation rights with said child throughout the summer months. The

court directed that a copy of the order and all supporting instruments be served on applicant at least five days prior to the return date. Service was made upon applicant in Pocatello, Idaho, on February 11, 1981.

The showing in support of the order to show cause claimed that applicant is married to Dale Giles. The affidavit stated on information and belief that Mr. Giles is an alcoholic, that the parties leave Laila unsupervised, and that applicant has become unstable. Intervenor alleged that applicant's present marriage is faltering and that her existing family circumstances are detrimental to the best interests of the child.

Applicant appeared by counsel at the hearing and challenged the jurisdiction of the Circuit Court in South Dakota. Respondent proceeded to receive evidence and determined that there has been a material change in circumstances due to applicant's present marital difficulties, the abuse of alcohol on the part of applicant's husband, and his inability to provide adequate financial support. Respondent concluded that such circumstances were not conducive to a proper atmosphere in which to raise Laila and ordered that intervenor be given temporary custody of Laila, with reasonable visitation rights in applicant. The tempo-

rary order was stayed for a period of fifteen days to allow applicant to show cause why it should not be made permanent.

Applicant contends that sections SDCL 26–5–6 through 26–5–9 [1] of the Uniform Child Custody Jurisdiction Act do not give South Dakota jurisdiction to make a child custody determination in this case, or alternatively, if such jurisdiction exists, the twenty day notice required under SDCL 26–5–31 for the exercise of that jurisdiction was not given.

The Act establishes two major grounds for jurisdiction which can be applied alternatively. *Winkelman v. Moses*, 279 N.W.2d 897 (S.D.1979). The first major basis is home state jurisdiction embodied in SDCL 26–5–6. It clearly appears, however, that the State of South Dakota was not the home state of the child at the time of commencement of these proceedings, nor was it the child's home state within six months prior thereto. Accordingly, the provisions of SDCL 26–5–6 are not applicable. Six months after applicant and Laila moved to Idaho, this state was divested of jurisdiction to make a child custody determination as the home state.[2] *Winkelman v. Moses*, supra; *Bryant v. Bryant*, 545 S.W.2d 938 (Ky.1977).

**1.** SDCL 26–5–6 reads:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if this state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state.

SDCL 26–5–7 reads:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if it is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships.

SDCL 26–5–8 reads:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

SDCL 26–5–9 reads:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if it appears that no other state would have jurisdiction under prerequisites substantially in accordance with § 26–5–6, § 26–5–7 or § 26–5–8, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

**2.** The State of Idaho has also adopted the Uniform Child Custody Act.

The second major basis for jurisdiction involves significant connection and availability of evidence under SDCL 26–5–7. It is true that the divorce decree and subsequent child custody and support orders were entered by the Circuit Court of Lake County, and that Laila did reside in and attend school in South Dakota prior to moving to Idaho. Assuming, therefore, that Lake County, South Dakota, could meet the minimum significant connection requirements of jurisdiction under SDCL 26–5–7, it still must be manifest under that statute that there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. *Wheeler v. District Court in & for the City & County of Denver*, 186 Colo. 218, 526 P.2d 658 (1974); *Brooks v. Brooks*, 20 Or.App. 43, 530 P.2d 547 (1975). From the record presented, that availability seems quite unlikely. Such jurisdictional requirements must exist before the trial court decides whether to nevertheless decline to exercise its jurisdiction upon a finding of inconvenient forum under SDCL 26–5–22 and 26–5–23. *Winkelman v. Moses*, supra; *Marriage of Settle*, 276 Or. 759, 556 P.2d 962 (1976).

We do not, however, reach the question of significant connection and availability of evidence. Notice of at least twenty days is required for the exercise of jurisdiction over a person outside this state before any child custody hearing is held in this state. SDCL 26–5–31.[3] It is undisputed, and the record clearly shows, that no such notice was given in the manner provided by that statute. It follows that respondent lacked jurisdiction to make a child custody determination.

Applicant also requests recovery of her expenses, including attorney fees, in this proceeding. We conclude, however, that the circumstances which authorize an award of attorney fees pursuant to SDCL 26–5–50[4] do not here exist.

The permanent writ of prohibition is granted.

All the Justices concur.

3. SDCL 26–5–31 reads:
   Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:
   (1) By personal delivery outside this state in the manner prescribed for service of process within this state;
   (2) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction;
   (3) By any form of mail addressed to the person to be served and requesting a receipt; or

   (4) As directed by the court.
   Notice under this section shall be served, mailed, or delivered, at least twenty days before any hearing in this state.

4. SDCL 26–5–50 reads:
   A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.