Charlotte WOOD, Appellant,

v.

Honorable J. Douglas GRAHAM, Judge,
Breathitt Circuit Court, Appellee.

Supreme Court of Kentucky.

May 25, 1982.

William B. Mains, Appalachian Research
& Defense Fund of Kentucky, Inc., Jackson,
for appellant.

## OPINION AND ORDER

The question presented is whether a writ
of prohibition should issue against a circuit
judge to prevent him from proceeding to
determine custody of an infant child in a
dissolution of marriage action. The Court
of Appeals denied the writ. We reverse.

Appellant is the mother of Louis Gordon
Wood, Jr., who was born in Dayton, Ohio,
on October 25, 1980. On October 31, 1980,
the Montgomery County, Ohio, juvenile
court entered an order awarding temporary
custody of the child to the County Childrens
Services Board. This organization placed
the child with appellant's sister, Wanda
Roper, who also resided in Dayton. Be-
tween October 31, 1980, and April 25, 1981,
the child's father, the estranged husband of
appellant, visited with the child six times.

On April 25, 1981, the father, as was his
custom, picked up the child at the Roper
residence. Instead of returning the child,
he took him to his home in Breathitt Coun-
ty, Kentucky. The child's paternal grand-
father phoned Wanda Roper and informed
her that the child was in Kentucky and
would not be returned. Two days later, the
father filed, in Breathitt Circuit Court, a
petition for the dissolution of his marriage

with appellant and sought custody of the child. On May 2, 1981, the Ohio custodian of the child filed a formal request in the Breathitt Circuit Court to return the child to Ohio. This request was made pursuant to the Interstate Compact on Juveniles, KRS 208.600. On May 9, 1981, the request was denied by the circuit judge, and in that order, the court, *ex parte,* granted temporary custody of the infant to the father.

Appellant, on July 7, 1981, moved the Breathitt Circuit Court to dismiss the custody matter in the dissolution action and also moved the court to vacate the temporary custody order. This motion was denied by the circuit court on December 12, 1981. Appellant filed an original action in the Court of Appeals on January 6, 1982, seeking a writ of prohibition to prevent appellee from proceeding in the custody matter. The petition was denied on February 2, 1982. This appeal results.

The Uniform Child Custody Jurisdiction Act was adopted, in its present form, in 1980. KRS 403.400 *et seq.* Its purposes are set out in the statutes:

"(1) The general purposes of (this act) are to:

(a) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

* * * * * *

(c) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

* * * * * *

(e) Deter abductions and other unilateral removals of children undertaken to obtain custody awards;

* * * * * *

(g) Facilitate the enforcement of custody decrees of other states;" KRS 403.400 (1980)

Moreover, the act establishes certain legal prerequisites necessary for courts of this state to have jurisdiction in child custody cases. They are as follows:

"(a) *This state is the home state of the child at the time of commencement of the proceeding,* or had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; *or*

(b) *It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state,* and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; *or*

(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; *or*

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction." KRS 403.420(1) (emphasis added).

■ We must, perforce, determine if the Breathitt Circuit Court, under the facts of this case, as applied to the legislative criteria set out, has the jurisdiction to award custody in the action filed by the child's

father. We have no difficulty in answering this question in the negative.

■ The child had lived its entire life in Ohio, and was brought, in a surreptitious manner, to Kentucky two days prior to the filing of the marriage dissolution action. Kentucky is not now, and never has been, the home state of the child in question. The child's residence was, and is, in Ohio. Moreover, there is no evidence in the record to show that it would be in the best interest of the child for Kentucky to assume jurisdiction. To the contrary, the record shows that the best interest of this small child would be served by leaving his future to the authorities in Ohio, who have cared for him, supervised him and provided for him since his birth.

■ The action of the father in removing the child from Ohio is a classic example of the type of conduct that triggered the enactment of the statute by our General Assembly. As stated in the statute, one of the purposes of the act is to deter "abduction and other unilateral removals of children." In addition, the statute mandates that a Kentucky court "shall not exercise its jurisdiction to modify a custody decree of another state," if the petitioner has improperly removed the child from its legal custodian. KRS 403.470(2).

Although the present statute was enacted in 1980, it is not too dissimilar to its predecessor, KRS 403.200. In the case of *Turley v. Griffin*, Ky., 508 S.W.2d 764 (1974), we stated that the purpose of that statute was to limit jurisdiction in Kentucky and not to proliferate it.

> "Jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties.... The interest of the child is served when the forum has optimum access to the relevant evidence about the child and family. There must be maximum rather than minimum contact with the state." *Id.*, at p. 766.

In the present case, the best interests of this child would clearly be best served by an adjudication of custody in Ohio, which is, in fact, the home state of the infant. With the exception of the two days spent in Kentucky, prior to filing of the lawsuit, *all* the child's contacts were with the state of Ohio. See also, *Hawley v. Shaver*, Ky., 528 S.W.2d 669 (1975) and *Freeman v. Freeman*, Ky., 547 S.W.2d 437 (1977).

■ It is clear that a writ of prohibition is the appropriate remedy. *Turley v. Griffin, supra.*

The appellee, Honorable J. Douglas Graham, Judge of the Breathitt Circuit Court, is hereby prohibited from taking any further action regarding the custody of the infant child, Louis Gordon Wood, Jr., in case number, 81–C1–110, *Wood v. Wood*, now pending in the Breathitt Circuit Court. Appellee is directed to take appropriate action to forthwith return the infant child, Louis Gordon Wood, Jr., to the custody of the Montgomery County, Ohio, Juvenile Court.

PALMORE, C. J., and AKER, STEPHENSON, STERNBERG, O'HARA and STEPHENS, JJ., concur.

CLAYTON, J., not sitting.

ENTERED May 25, 1982.

/s/ John S. Palmore
Chief Justice