**David ROCKWELL, Appellant,**

v.

**Robert J.V. HENNING, Jr. and his wife, Susan Lyn Henning, Appellees.**

Court of Appeals of Kentucky.

June 5, 1987.

Stanley C. Suggs, S. Dianne Blanford, Henderson, for appellant.

Steve Arnett, Morganfield, for appellees.

Before HOWARD, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from an order accepting jurisdiction of a custody matter and entering a default judgment against the natural father, David Rockwell.

LaCreasa Maria Rockwell is the daughter of Florence and David Rockwell who were divorced in 1982, with Florence receiving custody. Florence, David and LaCreasa were all residents of Florida. In October of 1985, Florence died. Shortly thereafter, LaCreasa was removed from Florida by her maternal grandparents and brought to Kentucky to the appellees, a brother and sister-in-law of Florence. Eight days later, the Hennings filed a petition in Union Circuit Court seeking permanent custody of their niece.

A copy of that petition, without summons, was mailed (the validity of which we

find dubious) to the appellant in Florida by certified mail on December 16, 1985. On January 30, 1986, David was served by the sheriff of Broward County, Florida. A response was filed on February 18, 1986, by an attorney in Florida. Appellees moved to strike the answer and requested entry of a default judgment against appellant, which motion was granted on May 27, 1986. Of course, in so ruling, the court elected to exercise jurisdiction over this matter pursuant to KRS 403.420 (The Uniform Child Custody Jurisdiction Act, hereinafter UCCJA). Thus, the first issue on appeal is whether this state has jurisdiction to make a custody determination regarding LaCreasa Rockwell. We have no difficulty in answering this question in the negative.

This child had lived her entire life in Florida until she was brought to Kentucky, apparently without parental consent, eight days before this petition was filed. Kentucky cannot therefore be considered the "home state" of LaCreasa. There is nothing in the record to show that it would be in the best interest of the child for this Commonwealth to assume jurisdiction. KRS 403.420(1)(b). It is true that there may be available in this state "substantial evidence concerning the child's present or future care, protection, training, and personal relationships," as appellees assert.

However, there is not available in this state any information or evidence concerning the relationship between this child and her sole living parent, David Rockwell. There is nothing in this record to suggest that he is an unfit parent or had failed to support or visit his daughter prior to her removal by the grandparents.

As we said in *Wood v. Graham*, Ky., 633 S.W.2d 404 at 406 (1982), this is a "classic example of the type of conduct that triggered the enactment of the statute by our General Assembly." One of the stated purposes of the UCCJA is to deter "abductions and other unilateral removals of children ... ." KRS 403.400(1)(e).

In addition, the courts should generally decline jurisdiction to modify a custody decree of another state if the petitioner has improperly removed the child from its legal custodian. KRS 403.470(2). In the case at bar, we have no evidence as to who the legal custodian became upon the death of the mother. However, it is this Court's belief that it would be unjust to require the sole living parent to come to another state to seek custody of his child from a nonparent. Appellees have not asserted that an emergency existed or that the child had been abandoned, abused, or neglected so as to require this state to take jurisdiction. Accordingly, based upon the facts of this case and the requirements of the UCCJA, we must conclude that the courts of Kentucky are without jurisdiction to decide this matter, and the order is hereby reversed. Having determined that exercise of jurisdiction was improper, we also set aside the default judgment and order the case dismissed.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.