Patricia **WIECZOREK**, Appellant,

v.

Jackie W. **SEBASTIAN**, Appellee.

No. 87–CA–1105–S.

Court of Appeals of Kentucky.

May 20, 1988.

Henry E. Hayden, Hayden & McKown, Hartford, for appellant.

Joseph W. Castlen, III, Owensboro, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

HOWERTON, Chief Judge.

Patricia Wieczorek appeals from a judgment of the Daviess Circuit Court awarding custody of her two minor children to their father, Jackie Sebastian. Wieczorek claims that the circuit court erred by failing to award her immediate custody of the children or, in the alternative, by failing to hold a custody hearing to determine permanent custody of the children. We find error and reverse.

Wieczorek obtained permanent custody of the children through a 1981 Ohio judgment. In 1984, Sebastian brought the children to Daviess County, Kentucky, for a month-long visit with Wieczorek's permission. During this month, Sebastian petitioned the Daviess Circuit Court for temporary custody, which was granted on the grounds of an emergency under KRS 403.-420. No further action was taken in regard to the temporary order, and the children continued to reside with Sebastian. In 1986, Wieczorek petitioned the Daviess Circuit Court for immediate custody of the children pursuant to the 1981 Ohio decree. The court denied her request and awarded permanent custody to Sebastian. Wieczorek appeals from that decision.

She first argues that she was entitled to immediate custody based upon the Ohio decree and that the 1984 temporary order was invalid. We agree that she was entitled to immediate custody. The Ohio decree must be considered and given the proper full faith and credit. There was no evidence that Mrs. Wieczorek was about to harm the children. We need not decide the issue of her entitlement to a hearing before the Daviess Circuit Court awarded permanent custody to Mr. Sebastian.

The Daviess Circuit Court's jurisdiction to take any action in this matter is limited by KRS 403.470(2). That statute provides as follows:

Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody.

There is no factual dispute that Wieczorek had a valid Ohio decree awarding custody of the children to her. Sebastian took the children for a visit and agreed to return them to their mother. He admittedly never returned the children, basing his refusal on the fact that they were dirty and had lice when he obtained them. Instead of bringing this matter before the Ohio court, he disregarded the custody decree and retained the children in Kentucky. Instead of declining jurisdiction to modify custody despite the misconduct of Sebastian, the trial court was critical of Mrs. Wieczorek for not having obtained the return of her children sooner. She claims that she was financially unable to accomplish this.

Although *Bruenig v. Silverman,* Ky. App., 563 S.W.2d 482 (1978) authorizes Kentucky to take jurisdiction in a child custody determination such as this and to modify a foreign decree pursuant to KRS 403.420(1)(b), we note that *Bruenig* was decided prior to the passage of the Uniform Child Custody Jurisdiction Act. We determine that it is distinguishable on that basis. The purposes of the Act are in part to "[d]eter abduction and other unilateral removals of children ... to obtain custody awards" and to "[f]acilitate the enforcement of custody decrees of other states." KRS 403.400(1)(e) and (g). Furthermore, KRS 403.470(2) requires our courts to decline jurisdiction to modify a custody decree from another state where the petitioner has improperly removed or retained the children, as has Sebastian. *Wood v. Graham,* Ky., 633 S.W.2d 404 (1982).

The judgment of the Daviess Circuit Court is reversed, and this action is remanded for entry of a decree consistent with this opinion.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.