Shari Lynn **REEVES** (Now Foty), Appellant,

v.

Brian **REEVES**, Appellee.

No. 1999–CA–003142–MR.

Court of Appeals of Kentucky.

March 30, 2001.

Charles R. Orange, Russellville, KY, for Appellant.

William S. Haynes, Bowling Green, KY, for Appellee.

Before McANULTY, MILLER, and TACKETT, Judges.

*OPINION*

TACKETT, Judge:

Shari Foty (formerly Reeves) appeals from the decision of the Warren Circuit Court adjusting visitation rights of her former husband Brian Reeves with reference to the two minor children of their marriage. Shari argues that the Warren Circuit Court has no subject matter jurisdiction to modify the visitation order, as Kentucky is no longer the home state of either party nor of the children. We agree, and vacate the order.

The parties were residents of Warren County, Kentucky at the time the petition for dissolution of marriage was filed in

1986. Sometime after the dissolution of marriage decree was entered, Shari moved to Minnesota, remarried, and since 1988 has resided there continuously. Since 1997, the two minor children have also resided in Minnesota with Shari exclusively. It is clear that in 1998, Brian's place of residence became Palm Beach, Florida. On November 9, 1999, Brian moved to modify the terms of visitation in the Warren Circuit Court. One week later Shari moved to modify the terms of visitation in the Martin District Court in Minnesota, and on November 18, 1999, filed a response challenging the jurisdiction of the Warren Circuit Court under the Parental Kidnapping Protection Act (PKPA), 28 U.S.C.A. 1738A.

Shortly thereafter on November 22, 1999, the Warren Circuit Court entered an order modifying visitation favoring Brian, and this appeal followed. Subsequent to the Warren Circuit Court's modification order, the Martin District Court in Minnesota also entered an order modifying visitation in accordance with Shari's request.

The issue before us is whether it is proper for Kentucky to assert continuing jurisdiction over a domestic relations action relating to child visitation in which neither the parties nor the children reside in the state. Under the PKPA, a state may assert continuing jurisdiction if:

> *(d)The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.* (Emphasis added.)

Sections (c)(1) and (c)(2) read:

> (c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
>
> (1) such court has jurisdiction under the law of such State: and
>
> (2) one of the following conditions is met:
>
> > (A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, *and a contestant continues to live in such State;*
> >
> > (B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii)it is in the best interest of the child that a court of this State assume jurisdiction because (I) the child and his parents, or the child and at least *one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relations;*
> >
> > (C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
> >
> > (D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the

child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

**(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.** (Emphasis added.)

 In addition, the PKPA contains a provision that explicitly preempts conflicting state law, pursuant to the Supremacy Clause of Article VI of the United States Constitution. However, the PKPA does not, of itself, grant continuing jurisdiction to a state; the state must be able to assert continuing jurisdiction under its own state law. Kentucky's version of the Uniform Child Custody Jurisdiction Act, KRS 403.140 et seq., does not specifically grant continuing jurisdiction, referring instead to the question of whether the child has a "significant connection" to this state. The statute, in other words, places a limit on jurisdiction but does not grant it unless state law authorizes it.

It appears that at a minimum, continuing jurisdiction is appropriate under the PKPA if the child resides in the state, or that the state asserting continuing jurisdiction has been the child's home state within the last six months, and one of the parties continues to live within the state. If this minimum threshold requirement is not met, then it would appear to be improper for a state to continue to assert jurisdiction. See, *Torres v. Torres,* 62 Cal. App.4th 1367, 73 Cal.Rptr.2d 344 (1998); In re *Shockley,* 611 A.2d 508 (Del.1992).

Furthermore, applying our own state law, in 1974 the former Kentucky Court of Appeals held it inappropriate to claim such continuing jurisdiction. Under *Turley v. Griffin,* Ky.App., 508 S.W.2d 764 (1974) and subsequent cases, once a child resides outside of Kentucky for more than six months, Kentucky ceases to be the child's home state. Under *Turley* and its progeny, Kentucky stands for the rule that the state which has the "most significant connection" to the child needs to be the one to assert jurisdiction over matters affecting custody and visitation.

In the case at bar, in view of *Turley* and those cases that followed the above threshold simply cannot be met. Both minor children appear to have resided outside of Kentucky for longer than six months, and additionally, it appears that neither party resided in the state at the time the motion was made. The fact that a Kentucky court has experience with a particular case is not sufficient reason, under the PKPA, to assert continuing jurisdiction. Clearly, the only state at this time which can assert jurisdiction over this matter with legitimacy is Minnesota, as it is now the home state of one of the parties and both of the children.

Accordingly, the order of the Warren Circuit Court modifying visitation is vacated.

ALL CONCUR.